```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
AT&T CORP.,                                                      :
                                                                 :
                                    Plaintiff,                   :
                                                                 :   23-cv-01395 (LJL)
                -v-                                              :
                                                                 :         ORDER
ATOS IT SOLUTIONS AND SERVICES, INC.,                            :
                                                                 :
                                    Defendant.                   :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff AT&T Corp. ("AT&T" or "Plaintiff") moves, pursuant to Local Civil Rule 6.3 of the United States District Court for the Southern District of New York and Federal Rules of Civil Procedure 59(e) and 60(a), for an Order, on reconsideration of the Court's December 22, 2023 Opinion and Order, denying in full Defendant Atos IT Solutions and Services, Inc.'s ("Atos" or "Defendant") motion to dismiss AT&T's claims, or alternatively, clarifying that the Court's dismissal of such claims was without prejudice to AT&T's ability to amend its Complaint or seek leave to amend its Complaint.  Dkt. No. 36.  The Court's December 22, 2023 Opinion and Order sustained one of the three claims that Plaintiff pleaded in the alternative and dismissed the remaining two claims for failure to state a claim for relief.  Dkt. No. 31.  Plaintiff alleges that the Court overlooked controlling law and certain factual allegations in reaching that determination.  *See generally* Dkt. No. 37.

Plaintiff's motion for reconsideration is DENIED.  "A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth*

*Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court.'" *Justice v. City of New York*, 2015 WL 4523154, at *1 (E.D.N.Y. July 27, 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). A motion for reconsideration "is not a 'vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a "second bite at the apple."'" *Spin Master*, 2020 WL 5350541, at *1 (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

Plaintiff does not assert that there has been an intervening change of controlling law, or that new evidence has become available that requires the Court to reconsider its prior Opinion and Order. The Court also did not overlook Plaintiff's factual allegations or any extant controlling law. It considered all of Plaintiff's allegations and concluded that they were insufficient to sustain Plaintiff's second and third claims, which were pleaded in the alternative to Plaintiff's first claim, for the reasons expressed in the Opinion and Order. It did not ignore the standards for adjudication of a motion to dismiss; it applied them. It did not rely on factual claims made at oral argument. It analyzed Plaintiff's allegations to determine whether, on their face and in light of "obvious alternative explanation[s]," they stated a plausible claim for reformation or breach of the Settlement Agreement. *See Ashcroft v. Iqbal*, 556 U.S. 662, 682

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 567 (2007)).  Plaintiff has offered no persuasive reason for the Court to reconsider its prior decision.

Plaintiff also seeks clarification that the Court's dismissal is without prejudice to the opportunity for it to move to amend its Complaint.  Dkt. No. 37 at 24.  Defendant responds that, if Plaintiff wishes to amend, "it must file a properly supported motion for leave to amend in accordance with Federal Rule of Civil Procedure 15(a)(2)."  Dkt. No. 40 at 11.  There is no need for further clarification.  If Plaintiff wishes to move to amend, it may do so—so long as it satisfies Rule 15, moves to amend in a timely manner consistent with the case management plan in this case (or provides good cause for modification of the case management plan pursuant to Rule 16), and complies with any other applicable rules.

The Clerk of Court is respectfully directed to close Dkt. No. 36.

SO ORDERED.

Dated: February 14, 2024
New York, New York

　　　　　　　　　　　　　　　　　　　　　LEWIS J. LIMAN
　　　　　　　　　　　　　　　　　　　　　United States District Judge

3