UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AT&T CORP.,

     Plaintiff,

  -against-

ATOS IT SOLUTIONS AND
SERVICES, INC.,

     Defendant.

Case No. 1:23-cv-01395-LJL

**<u>PROTECTIVE ORDER</u>**

LEWIS J. LIMAN, United States District Judge:

  **WHEREAS** the parties to this action (collectively, together with any third parties producing documents or information in this action, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will likely be exchanged pursuant to and during the course of discovery in this case;

  **WHEREAS**, the Parties, through counsel, agree to the following terms; and

  **WHEREAS** this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

  **IT IS HEREBY ORDERED** that any Party or person subject to this Protective Order— including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

  1.  Any Party or person subject to this Protective Order who receives from any other Party subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in the course of discovery in this action) that is designated

as "Confidential" or "Highly Confidential " pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.      The Party producing any given Discovery Material (each, "Producing Party") may designate as Confidential any document that it reasonably and in good faith believes consists of:

   a.      research, technical, commercial, or financial information that the Producing Party has maintained as confidential;

   b.      any information that may be subject to foreign data protection and privacy laws and regulations, including but not limited to the European Union ("EU") General Data Protection Regulation ("GDPR") (Regulation (EU) 2016/679) and/or any other relevant laws and regulations;

   c.      information prohibited from disclosure by statute;

   d.      Personally Identifiable Information; and

   e.      any other category of information given confidential status by this Court after the date of this Order.

A Party may designate information regarding non-public contractual language, including, but not limited to, drafts of contractual language, as Confidential.

3.      The Producing Party may designate any document as Highly Confidential that includes:

   a.       previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

b.      previously nondisclosed material relating to ownership or control of any

non-public company;

c.      previously nondisclosed business plans, product development information,

or marketing plans;

d.      information the opposing Party is not lawfully entitled to receive (*e.g.*,

where disclosure is prohibited by statute or otherwise);

e.      information that reveals trade secrets;

f.      competitive technical information;

g.      competitive business information; and

h.      any such other material that the Producing Party reasonably and in good

faith believes (i) is unknown to the opposing Party, (ii) would reveal

significant Confidential Information, or technical or business information

of the Producing Party, and (iii) is so highly sensitive that its disclosure

could result in competitive or commercial disadvantage to the Producing

Party.

4.      With respect to the Confidential or Highly Confidential portion of any Discovery

Material other than deposition transcripts and exhibits, the Producing Party or that Party's

counsel may designate such portion as "Confidential" or "Highly Confidential" by stamping or

otherwise clearly marking the document in a manner that will not interfere with legibility or

audibility. With respect to any document designated Highly Confidential, the Parties agree to

produce a version of such documents with no confidentiality designation or as Confidential with

only the Highly Confidential portion redacted where the Highly Confidential portion can be

reasonably segregated from the remainder of the document.  The Parties agree to make a

reasonable, good faith effort to provide such redacted versions of Highly Confidential documents wherever practicable.

5.      With respect to deposition transcripts, a Producing Party or that Party's counsel may designate such portion as Confidential or Highly Confidential either by (a) indicating on the record during the deposition that a question/answer calls for Confidential or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript  that are to be designated Confidential or Highly Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.  During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Highly Confidential unless otherwise agreed to by the Parties.

6.      Inadvertent or unintentional disclosure of Confidential Discovery Material, or failure to designate a document as "Confidential" or "Highly Confidential" shall not be deemed a waiver in whole or in part of a claim to the protection of this Protective Order.  If at any time prior to the trial of this action or use by the opposing party, a Producing Party realizes that Discovery Material that it had previously produced without limitation should be designated as Confidential or Highly Confidential, it may so designate by promptly apprising all prior recipients of the Discovery Material in writing, and such designated Discovery Material will thereafter be deemed to be and treated as Confidential Discovery Material with the revised

designation indicated under the terms of this Protective Order.  In addition, the Producing Party shall provide each other Party with replacement copies of such Discovery Material that bear the "Confidential" or "Highly Confidential" designation within five business days of providing such notice.

7.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8.      No Party or person subject to this Protective Order other than the Producing Party shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

      a.      the Parties to this action, their insurers, and counsel to their insurers;

      b.      outside counsel retained specifically for this action, including any paralegal, clerical, and other assistant employed by such counsel;

      c.      outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services, e-discovery vendors, or other litigation support services) that counsel hire and assign to this matter;

      d.      any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

      e.      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

      f.      any non-party witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such

person has first executed a Non-Disclosure Agreement in the form
annexed as an Exhibit hereto;

g.   any person retained by a Party to serve as an expert witness or otherwise
provide specialized advice to counsel in connection with this action,
provided such person has first executed a Non-Disclosure Agreement in
the form annexed as an Exhibit hereto;

h.   stenographers engaged to transcribe depositions conducted in this action;
and

i.   this Court, including any appellate court, and the court reporters and
support personnel for the same.

9.   No Party or person subject to this Protective Order other than the Producing Party
shall disclose any of the Discovery Material designated by the producing person as Highly
Confidential to any other person whomsoever, except to:

a.   no more than two in-house counsel for any Party that is responsible for
supervising this matter (who shall be identified to the Producing Party
upon request);

b.   outside counsel retained specifically for this action, including any
paralegal, clerical, and other assistant employed by such counsel;

c.   outside vendors or service providers (such as copy-service providers and
document-management consultants, graphic production services, e-
discovery vendors, or other litigation support services) that counsel hire;

d.   any mediator or arbitrator that the Parties engage in this matter or that this
Court appoints;

e.  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f.  any witness who counsel for a Party is advised will be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

g.  any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

h.  stenographers engaged to transcribe depositions conducted in this action; and

i.  this Court, including any appellate court, and the court reporters and support personnel for the same.

10.  Prior to any disclosure of any Confidential or Highly Confidential Discovery Material to any person referred to in subparagraphs 8(f), 8(g), 9(f), or 9(g) above, counsel for the Receiving Party must first provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms.  Counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel upon reasonable request.

11.  Disclosure of any Confidential Discovery Material designated as to any person referred to in subparagraphs 8(c) or 9(c) is limited to those vendors or service providers who are expressly bound by duties of confidentiality to outside counsel.

12.     Any Party who requests additional confidentiality limits on disclosure may, at any time before the trial of this action, serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Paragraph 1(C) of this Court's Individual Practices in Civil Cases.

13.     Before disclosing any Confidential or Highly Confidential Discovery Material to any person(s) that a Party retains to serve as an expert, the Party wishing to share such information with such expert(s) must first affirm in writing that such expert(s) are not industry consultants and do not provide consulting services to competitors of AT&T or Atos.  Such affirmation shall be provided to counsel for the Producing Party prior to disclosure of the Confidential or Highly Confidential Discovery Material to the expert(s).

14.     Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 1(C) of this Court's Individual Practices in Civil Cases.  All Discovery Materials that have at any time been labeled, marked, or otherwise designated as "Confidential" or "Highly Confidential" shall at all times be treated confidentially under this Protective Order unless and until the parties formally agree in writing to the contrary, or the Court rules that such Confidential Discovery Materials at issue are not entitled to the designation given by the Producing Party or such protection is otherwise conditioned.

15.     Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto,

and not for any other purpose or in any other litigation or proceeding.  Specifically (and by way of examples and not limitations), Recipients may not use Confidential Discovery Material for any business, commercial, or competitive purpose.  Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information.

16.     Each Party who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17.     Any Confidential or Highly Confidential Discovery Material, including but not limited to Personally Identifiable Information (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the Parties who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the Party receiving Confidential or Highly Confidential Discovery Material experiences a data breach involving such material, she, he, or it shall immediately notify the Producing Party of the same, investigate, and take reasonable efforts to remediate the effects of the breach, provide sufficient information about the breach*,* and cooperate with the Producing Party to address and remedy the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.  In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access, to remediate the breach, and to take such actions as are required by applicable laws, including data protection laws.  After notification, the Receiving Party shall keep the Producing Party reasonably informed of remediation efforts. Nothing herein shall preclude the Producing Party from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the

Receiving Party's failure to appropriately protect Confidential or Highly Confidential Discovery Material from unauthorized disclosure.

18.     Nothing in this Protective Order will prevent any Party subject to it from producing any Confidential Discovery Material in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such Party receiving a request, will provide written notice to the Producing Party before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so including by referencing the existence of this Protective Order.

19.     In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. All Parties seeking to file redacted documents or documents under seal with the Court shall follow Rule 2(H) of this Court's Individual Practices in Civil Cases. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers.  All Parties producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is

able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

20.     All Parties are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

21.     Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

22.     This Protective Order shall survive the termination of the litigation. Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must either return it—including all copies thereof—to the Producing Party, or, upon permission of the Producing Party, destroy such material— including all copies thereof.  In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material.  Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material.  Any

such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

23.     This Order will survive the termination of the litigation and will continue to be binding upon all Parties subject to this Order to whom Confidential Discovery Material is produced or disclosed.

24.     This Court shall retain jurisdiction over all Parties and other persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated:  March 5, 2024

/s/ *Edward J. Jacobs*  
Jonathan D. Pressment  
Christos G. Papapetrou  
Edward J. Jacobs  
Kayley B. Sullivan

**BAKER & HOSTETLER LLP**  
45 Rockefeller Plaza, 14th Fl.  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201

*Attorneys for Plaintiff AT&T Corp.*

/s/ *Andrew J. Peck*  
Leon Medzhibovsky  
Andrew J. Peck  
Steven M. Rosato

**DLA PIPER LLP (US)**  
1251 Avenue of the Americas, 27th Fl.  
New York, NY 10020-1104  
Tel.: 212.335.4500  
Fax: 212.335.4501

Cameron A. Fine (*pro hac vice*)  
2525 East Camelback Road, Suite 100  
Phoenix, AZ 85016-4232  
Tel.: 480.606.5132  
Fax: 480.606.5533

*Attorneys for Defendant Atos IT Solutions and Services, Inc.*

SO ORDERED.

Dated:  March 5, 2024  
New York, New York

_____  
LEWIS J. LIMAN  
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AT&T CORP.,

                Plaintiff,

      -against-

ATOS IT SOLUTIONS AND
SERVICES, INC.,

                Defendant.

---

Case No. 1:23-cv-01395-LJL

**NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of Discovery Materials that have been designated as Confidential and/or Highly Confidential ("Confidential Discovery Material"). I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation, I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____

_____
Print Name/Affiliation