```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
AT&T CORP.,                                                      :
                                                                 :
                              Plaintiff,                         :
                                                                 :      23-cv-01395 (LJL)
              -v-                                                :
                                                                 :          ORDER
ATOS IT SOLUTIONS AND SERVICES, INC.,                            :
                                                                 :
                              Defendant.                         :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

  Plaintiff AT&T Enterprises, LLC ("Plaintiff") moves, pursuant to Federal Rules of Civil Procedure 26(b)(5)(B) and 37(a), to compel the production of twelve documents withheld or partially withheld by Defendant Atos IT Solutions and Services, Inc. ("Defendant") on grounds of attorney-client privilege. Dkt. No. 87.

  "The attorney-client privilege shields from disclosure any confidential communications between an attorney and his or her client made for the purpose of obtaining or facilitating legal advice in the course of a professional relationship." *Ambac Assur. Corp. v. Countrywide Home Loans, Inc.*, 57 N.E.3d 30, 34 (N.Y. 2016). "The party asserting the privilege bears the burden of establishing its entitlement to protection by showing that the communication at issue was between an attorney and a client 'for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship,' that the communication was predominantly of a legal character, that the communication was confidential and that the privilege was not waived." *Id.* at 34–35 (quoting *Rossi v. Blue Cross & Blue Shield of Greater N.Y.*, 540 N.E.2d 703, 706 (N.Y. 1989)).

The Court has reviewed the twelve documents ex parte and in camera with the consent of Defendant.  Dkt. No. 88 at 3; see also *United States v. Zolin*, 491 U.S. 554, 572 (1989) (permitting ex parte in camera review to determine applicability of attorney-client privilege in discretion of district court).  Defendant has satisfied its burden with respect to the following documents which are all privileged: Dkt. Nos. 92-2 (Atos-ON0023806), 92-4 (Atos-ON0019854), 92-5 (Atos-ON0019974), 92-7 (Atos-ON0027767), 92-8 (Atos-ON0029206), 92-9 (Atos-ON0029816), 92-10 (Atos-ON0020683), and 92-11 (Atos-ON0020491).  The following documents do not contain communications for the predominant purpose of conveying legal advice rather than business advice and are not privileged: Dkt. Nos. 92-1 (Atos-ON0019276), 92-3 (Atos-ON0030003), 92-6 (Atos-ON0031279), and 92-12 (Atos-ON0023184).  Defendant shall produce those four documents to Plaintiff in unredacted form.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 87.

SO ORDERED.

Dated: August 21, 2024
New York, New York

_____
LEWIS J. LIMAN
United States District Judge