```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                                :
AT&T CORP.,                                                     :
                                                                :
                                    Plaintiff,                  :     23-cv-01395 (LJL)
                                                                :
                 -v-                                            :     MEMORANDUM AND
                                                                :           ORDER
ATOS IT SOLUTIONS AND SERVICES, INC.,                           :
                                                                :
                                    Defendant.                  :
                                                                :
---------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/21/2025

LEWIS J. LIMAN, United States District Judge:

Plaintiff AT&T Enterprises, LLC ("AT&T") moves, pursuant to Federal Rules of Civil Procedure 37(a) and 45, Local Civil Rule 37.2, and Rule IV.C of the Court's Individual Practices, for an order: (i) compelling Defendant Atos IT Solutions and Services, Inc. ("Atos") to respond to AT&T's Interrogatory No. 21; (ii) compelling Atos to produce Loek van Stekelenburg ("van Stekelenburg") for a deposition in New York or Dallas or else precluding Atos from offering van Stekelenburg's testimony in motion practice or at trial; and (iii) requiring Atos to produce separation agreements for two former employees. Dkt. No. 114. Atos moves, pursuant to Federal Rule of Civil Procedure 26(c)(1)(B), Local Civil Rule 37.2, and Rule I.C of the Court's Individual Practices, for a protective order providing that any deposition of van Stekelenburg take place in Amsterdam, the Netherlands. Dkt. No. 118.

### A. Interrogatory No. 21

AT&T's Interrogatory No. 21 asks Atos to "[i]dentify, by production Bates Number, All Documents and Communications that exist that Atos claims provide evidence that Loek van Stekelenburg ever reconsidered, revised, changed, amended or modified his statement in the email he sent to Denis Courtois on March 16, 2021 in which he recalled 'what was agreed with AT&T'

with respect to the 'calculation to determine the shortfall for the 12 months extension of the AT&T contract' as follows: 'If we would extend the contract we have to spend $6.2M USD between Mch 2021 and Feb 2022.'" Dkt. No. 121-1 at 1 (citations omitted).  Atos objected to the interrogatory and declined to answer the interrogatory on the grounds that, *inter alia*, it constituted a contention interrogatory and thus was premature and improper under this Court's Local Rule 33.3.  *Id.* at 1–2.

AT&T moves to compel a response to the interrogatory on the grounds that van Stekelenburg is "likely the most critical witness in the case" and that, while Atos has suggested there are other communications in which he later altered the view expressed in the email, Atos has failed to produce or identify such documents.  Dkt. No. 114 at 1.  In response, Atos reiterates its position that the interrogatory violates Local Rule 33.3(c).  Atos also argues that it has voluntarily produced all relevant, responsive, non-privileged emails from van Stekelenburg's files even though he was not an agreed-upon custodian and points to an email to which van Stekelenburg did not respond as evidence that the views expressed in the March 16, 2021, email did not represent his views on the section 3.2 shortfall charge provision.  Dkt. No. 119 at 1; Dkt. No. 119-2.

Local Civil Rule 33.3(a) provides that interrogatories served at the commencement of discovery must be limited to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents."  Local Civil Rule 33.3(a).  During discovery, interrogatories may extend to other topics only "(1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court."  Local Rule 33.3(b).  The rule goes on to provide that "[a]t the conclusion of other discovery, and at least 30 days before the discovery cut-off date,

interrogatories seeking the claims and contentions of the opposing party may be served unless the court has ordered otherwise." Local Rule 33.3(c). Contention interrogatories are improper at an earlier time as they "are not designed to reveal new information to the opposing side" and are instead "'designed to assist parties in narrowing and clarifying the disputed issues' in advance of summary judgment practice or trial." *Phillies v. Harrison/Erickson, Inc.*, 2020 WL 6482882, at *2 (S.D.N.Y. Nov. 4, 2020) (quoting *Kyoei Fire & Marine Ins. Co., Ltd. v. M/V Maritime Antalya*, 248 F.R.D. 126, 157 (S.D.N.Y. 2007)). Any argument that Interrogatory No. 21 is not a contention interrogatory is unpersuasive as it seeks documents "Atos claims provide evidence" of an issue in dispute. *See In re Facebook, Inc.*, 2016 WL 5080152, at *2 (S.D.N.Y. July 7, 2016); *Pasternak v. Dow Kim*, 2011 WL 4552389, at *1 (S.D.N.Y. Sept. 28, 2011). The interrogatory seeks to test Atos' argument rather than identify information that could not be obtained through another form of discovery.

"[A] party may serve contention interrogatories only at the conclusion of its discovery unless a motion has been made to do so before or after that time." Michael Silberberg, Edward M. Spiro & Judith L. Mogul, *Civil Practice in the Southern District of New York* § 20:7 (2024). The Court has scheduled a conference for the close of fact discovery of February 28, 2025, and has not yet set a date for the close of discovery. Dkt. No. 113. The request to compel a response to Interrogatory No. 21 is denied for that reason alone.

   B.   **The van Stekelenburg Deposition**

AT&T noticed the deposition of van Stekelenburg for New York. Dkt. No. 114-1. It contends that van Stekelenburg is a managing agent of Atos whose deposition may be noticed pursuant to Federal Rule of Civil Procedure 30[1] and whose deposition presumptively should take

---

[1] Although "[a] corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice," *Dubai Islamic Bank v. Citibank, N.A.*, 2002

3

place at Atos' principal place of business or in this forum. Dkt. No. 114. Atos disputes that van Stekelenburg is a managing agent of Atos. Dkt. No. 119 at 2. It contends that he is employed by Atos Netherlands BV, which is not a party to this case but is a separate subsidiary of Atos' parent company and thus that he is a non-party witness who must be deposed either in Amsterdam, the Netherlands, where he is located, or virtually. *Id.*

"[C]ourts retain substantial discretion to designate the site of a deposition." *E&T Skyline Constr., LLC v. Talisman Cas. Ins. Co., LLC*, 2020 WL 469623, at *1 (S.D.N.Y. Jan. 28, 2020) (quoting *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 550 (S.D.N.Y. 1989)). "While the party noticing a deposition usually has the right to choose the location, '[w]here a corporation is involved as a party to the litigation, there is a general presumption in favor of conducting depositions of a corporation in its principal place of business.'" *Id.* (quoting *Buzzeo v. Bd. of Educ., Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998)); *see Dwyer v. Deutsche Lufthansa, AG*, 2007 WL 526606, at *2 (E.D.N.Y. Feb. 13, 2007) ("[T]here is a presumption that depositions of corporate officers will take place 'at the corporate officer's residence or the corporation's principal place of business.'" (quoting *Silva Run Worldwide Ltd.*, 2003 WL 23009989, at *1 (S.D.N.Y. Dec. 23, 2003)). "[T]his translates to a presumption that officers, directors, and managing agents should be available for deposition at the company's headquarters." *Alpha Cap. Anstalt v. Real Goods Solar, Inc.*, 323 F.R.D. 177, 178–79 (S.D.N.Y. 2017) (quoting 3 Robert L. Haig, Business and Commercial Litigation in Federal Courts § 23:33 (3d ed. 2011)).

Courts in this district have generally considered five factors in determining whether an individual is a managing agent:

---

WL 1159699, at *2 (S.D.N.Y. May 31, 2002), the propriety of the notice of deposition is not as issue because Atos advised AT&T that van Stekelenburg would agree to a deposition by notice rather than subpoena, Dkt. No. 119 at 2 & n.2.

4

> (1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; (2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demands of the examining party; (3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which the information is sought by the examination; (4) the general responsibilities of the individual respecting the matters involved in the litigation; and (5) whether the individual can be expected to identify with the interests of the corporation.

*Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 170 (S.D.N.Y. 1985). However, the test is "not formulaic." *Id.* (quoting *Boss Mfg. Co. v. Hugo Boss AG*, 1999 WL 20828, at *3 (S.D.N.Y. Jan 13, 1999)). The question whether a person is a managing agent turns on functional rather than formal considerations. *See Dubai Islamic Bank*, 2002 WL 1159699, at *2 ("[T]he question of whether a person is a managing agent, and therefore subject to a notice of deposition, is answered pragmatically and on a fact-specific basis." (citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2103, at 39 (2d ed. 1994)).

The party seeking to depose the witness bears the burden of establishing the witness' status, *see Sugarhill Records*, 105 F.R.D. at 170, but the burden is a "modest" one, *Dubai Islamic Bank*, 2002 WL 1159699, at *4 (quoting *Boss Mfg.*, 1999 WL 20828, at *4). The examining party need only present "enough evidence to show that there is at least a close question whether the proposed deponent is the managing agent." *Id.* (quoting *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994)); *accord Grain D'OR LLC v. Wizman*, 2023 WL 2162499, at *3–4 (S.D.N.Y. Feb. 22, 2023); *Stanley Works Israel Ltd. v. 500 Group, Inc.*, 2019 WL 5485266, at *2 (D. Conn. Oct. 25, 2019); *Cambridge Cap. LLC v. Ruby Has LLC*, 2022 WL 889143, at *1 (S.D.N.Y. Mar. 24, 2022).

AT&T argues that Atos did not disclaim van Stekelenburg as an employee until after AT&T discovered his March 16, 2021 email and that Atos' other documents and litigation activity satisfy all of the *Sugarhill* factors. Dkt. No. 121 at 1–3. In support of its claim that van

5

Stekelenburg is a managing agent of Atos, AT&T points to the following evidence: (1) in response to AT&T's interrogatories, Atos identified van Stekelenburg as an individual with knowledge of the drafters of the 2018 Amendment in its responses to AT&T's interrogatories, Dkt. No. 114-2; (2) Atos also named van Stekelenburg in its amended and supplemental disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), identifying him as an "Atos employee" who should be contacted only through counsel for Atos, Dkt. No. 114-3; (3) documents produced by Atos indicate that Atos' directors sought van Stekelenburg's insight regarding the contractual provision at issue, Dkt. No. 74-1 at 19; (4) Atos has referred to van Stekelenburg as an Atos employee in filings with the Court, Dkt No. 84 at 16, 21; (5) van Stekelenburg's LinkedIn profile describes him as an Atos employee located in Amsterdam, the Netherlands, Dkt. No. 121-2; (6) van Stekelenburg uses an Atos email address, Dkt. No. 121-3; (7) Atos' Category Director for Procurement IT Telecom testified that van Stekelenburg was his boss, Dkt. No. 121-4 at 94:20–95:15; and (8) multiple witnesses testified that van Stekelenburg was Atos' lead negotiator with respect to the disputed contract provision, and that he is the sole Atos employee knowledgeable about the drafting of the disputed provision, Dkt. Nos. 114-2, 114-3.  AT&T argues that van Stekelenburg satisfies all of the *Sugarhill* factors.  He was invested with power by AT&T to exercise judgment and discretion with respect to the corporate matters, namely the contract at issue; Atos has demonstrated by its conduct in this litigation that it employs van Stekelenburg such that it can produce him for deposition; he is the person with the highest authority regarding the area about which information is sought and indeed had the primary responsibility with respect to the matters involved in the litigation; and he can be expected to identify with Atos.

Atos does not offer contrary evidence and instead states that prior communications describing van Stekelenburg as an employee of Atos referred to the sister corporation Atos

Netherlands BV and not to Defendant Atos IT Solutions and Services, Inc., explaining that there was no reason for it to draw the distinction between the two companies earlier in the context of the documents to which AT&T refers. Dkt. No. 119 at 2; *but see Iron Mountain (Nederland) Data Ctr. Germany B.V. v. WSP USA Buildings, Inc.*, 2024 WL 2846607, at *1–2 (S.D.N.Y. May 30, 2024) (holding that employee of defendant's parent company is a managing agent who could be noticed for a deposition pursuant to Federal Rule of Civil Procedure 30(b)(1)).[2] Notably, Atos does not argue that van Stekelenburg is such a disconnected non-party that it does not have the authority to produce him for deposition in the United States. Dkt. No. 118 at 1–2 (stating that "Atos asked van Stekelenburg if he has travel plans to come to the United States before the February 28, 2025 discovery cutoff, in which case *Atos would try to make him available while he is stateside*" (emphasis added)); Dkt. No. 119 at 2 & n.2 (Atos advised AT&T that van Stekelenburg would agree to a deposition by notice rather than subpoena); *see Iron Mountain*, 2024 WL 2846607, at *1 (noting that "[a]s an employee of the parent company of WSP, Mr. Gooderham can be expected to 'to give testimony, at his employer's request'"). Atos' arguments fail to override AT&T's showing that there is "at least a close question" of whether van Stekelenburg is Atos' managing agent.

Deposition in Dallas, Texas, where Atos is headquartered, is thus presumptively appropriate. *See Alpha Cap.*, 323 F.R.D. at 179; *Silva Run Worldwide Ltd. v. Gaming Lottery Corp.*, 2003 WL 23009989, at *1 (S.D.N.Y. Dec. 23, 2003). "Because courts retain substantial discretion to designate the site of a deposition, the presumption appears to be merely a decision

---

[2] Atos argues that *Iron Mountain* is distinguishable on the ground that the employee at issue worked for the defendant's parent company instead of for the defendant's sister subsidiary. Dkt. No. 119 at 2. However, that is a distinction without a difference. Presumably, any company's ability to provide the deposition of a sister subsidiary's employee would rely upon the cooperation of the parent, just as much as provision of the parent company's own employee would.

7

rule that facilitates determination when other relevant factors do not favor one side over the other." *Leser v. U.S. Bank Nat'l Ass'n*, 2010 WL 11626825, at *2 (E.D.N.Y. Feb. 19, 2010) (quoting *Mill-Run Tours*, 124 F.R.D. at 550). The presumption may "be overcome by a showing that factors of cost, convenience, and litigation efficiency militate in favor of holding the deposition somewhere other than the district of the deponent's residence or place of business." *Id.* (quoting *Devlin v. Transp. Comm. Int'l Union*, 2000 WL 28173, at *3 (S.D.N.Y. Jan. 14, 2000)). Neither AT&T nor Atos demonstrate that cost, convenience, or litigation efficiency militates against designating Dallas, Texas as the site for van Stekelenburg's deposition. Atos states generally that "[i]t would be highly inconvenient and burdensome for van Stekelenburg to travel to the United States" and that van Stekelenburg's absence "would adversely affect non-party Atos Netherlands BV" in some unspecified way. Dkt. No. 118 at 3. Causing a single person to travel internationally is less costly and inconvenient than causing several to make similar international trips. *See United States v. M/Y Amadea, a Motor Yacht Bearing Int'l Mar. Org. No. 1012531*, 2025 WL 50027, at *3 (S.D.N.Y. Jan. 8, 2025); *Ice Cube Bldg., LLC v. Scottsdale Ins. Co.*, 2019 WL 7290847, at *1 (D. Conn. Feb. 11, 2019).

AT&T's motion to compel van Stekelenburg's deposition in Dallas, Texas is granted. Atos' motion seeking a protective order that the deposition must take place in Amsterdam, the Netherlands is denied.

C.   **The Wick and Maroo Separation Agreements**

AT&T seeks production of the separation agreements for two former employees, Chris Wick ("Wick") and Jayesh Maroo ("Maroo"), stating that such agreements are relevant to the credibility of the former employees including whether each of the former employees are still receiving compensation from Atos. Dkt. No. 114 at 3. AT&T does not identify any document request to which the separation agreements would be responsive. Atos argues that AT&T did not

8

seek the agreements in document requests and that AT&T's counsel only made the requests through email during their depositions. Dkt. No. 119 at 3. A motion to compel production pursuant to Federal Rule of Civil Procedure 37(a), may only be made if "a party fails to produce documents . . . *as requested under Rule 34*." Fed. R. Civ. P. 37(a)(3)(iv); *see Brand New Sch., LLC v. Mill Grp., Inc.*, 2017 WL 462269, at *7 (S.D.N.Y. Jan. 17, 2017); *Koumantaros v. City of Univ. of N.Y.*, 2005 WL 2249751, at *1 (S.D.N.Y. Sept. 15, 2005). Absent a document request seeking the separation agreements, the motion to compel their production is denied.

## CONCLUSION

AT&T's letter motion for a discovery order is GRANTED IN PART and DENIED IN PART. Atos' motion for a protective order is DENIED.

The Clerk of Court is respectfully requested to close Dkt. Nos. 114 and 118.

SO ORDERED.

Dated: January 21, 2025
New York, New York

LEWIS J. LIMAN
United States District Judge