UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
AT&T CORP.,                                                          :
:
                  Plaintiff,      :        23-cv-01395 (LJL)
:
       -v-                                                       :        <u>ORDER</u>
:
ATOS IT SOLUTIONS AND SERVICES, INC.,                                :
:
                  Defendant.      :
:
---------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Plaintiff AT&T Enterprises, LLC ("AT&T") moves, pursuant to Federal Rules of Civil Procedure 26(b)(5)(B) and 37(a), Local Civil Rule 37.2, and Rule I.C of the Court's Individual Practices, for: (1) an order compelling Defendant Atos IT Solutions and Services, Inc. ("Atos") to review all of its redacted and withheld emails and produce non-privileged communications and fix inconsistent redactions across email threads; (2) clarification of the Court's August 21, 2024 Order (Dkt. No. 93) as to the document Bates-stamped Atos-ON0019276 (Dkt. No. 92-1), indicating whether it should be produced in full without redactions; (3) an order compelling Atos to produce an April 30, 2021 message from one of Atos' lead negotiators as nonprivileged; and (4) a further in-camera inspection of certain enumerated documents which AT&T believes contain redactions of non-privileged communications. Dkt. Nos. 116–117. AT&T also seeks fees and costs in connection with bringing this dispute to the Court as well as sanctions against Atos under Rule 37(b) for failing to produce information AT&T contends was previously compelled by the Court. *Id.*

Atos is correct that the Court's August 21, 2024 Order does not entitle AT&T to any greater relief than AT&T requested in the underlying motion. Dkt. No. 120 at 1–2. Because AT&T challenged only the portion of Atos-ON0019276 that contained the communication between Ashley Crandall and Jayesh Maroo on April 29, 2021 at 17:57, Dkt. No. 87 at 4 n.3; Dkt. No. 92 at 1 n.1, the Court's August 21, 2024 order does not give it the right to the portions of the document beyond that communication. AT&T's motion for clarification, as well as fees, costs, and sanctions in connection with Atos' nonproduction is also denied. AT&T is correct that the email from Judith Fling on April 30, 2021 at 12:11, is not privileged regardless whether Atos' production was inadvertent. Dkt. No. 117 at 2–3. AT&T's motion to compel production of that email is granted. Atos does not oppose the *in camera* review of the documents listed in Appendix A to Dkt. Nos. 116 and 117. Dkt. No. 120 at 3. Atos is therefore ordered to produce those documents *ex parte* for the Court's *in camera* review no later than January 22, 2025. The documents should be filed on ECF with access limited to the Court and to Atos. AT&T's request that Atos be compelled to review every redacted or withheld document is denied. AT&T may challenge purportedly improper redactions by bringing them to the Court's attention[1] as it has done with the Fling Email, but it does not show sufficient basis for requiring Atos to re-review all of the redacted documents it has produced in this action.

The Clerk of Court is respectfully requested to close Dkt. Nos. 116 and 117.

SO ORDERED.

Dated: January 21, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

[1] Neither party may file a motion to challenge assertions of privilege after the discovery cutoff date.