

**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Leon Medzhibovsky
leon.medzhibovsky@us.dlapiper.com
T   212.335.4630
F   917.778.8630

June 13, 2025

*Via* ECF

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

Re:   *AT&T Enterprises, LLC v. Atos IT Solutions and Services, Inc.* Case No. 01:23-cv-01395

Dear Judge Liman:

As counsel to Defendant Atos IT Solutions and Services, Inc. ("Atos"), we write pursuant to Attachment A (Procedure for Sealed or Redacted Filings) of Your Honor's Individual Practices in Civil Cases (the "Sealing Procedures") in connection with Plaintiff AT&T Enterprises, LLC's ("AT&T") letter motion to seal filed on June 6, 2025, which provisionally sealed multiple exhibits submitted by AT&T in support of their opposition to Atos's motion for summary judgment.

AT&T's Declaration of Jonathan D. Pressment (ECF Nos. 202 and 203) attaches exhibits Atos has designated Confidential or Highly Confidential ("Confidential Discovery Material") under the March 5, 2024 Protective Order (the "Protective Order", ECF No. 50). Atos requests that Plaintiffs' Exhibits ("PXO") 19, 20, 31, 35 and 36 (the "Proposed Redacted PXO Exhibits") be filed with redactions as they include confidential customer financial information. Atos's proposed redactions to the Proposed Redacted PXO Exhibits are highlighted in yellow on the Proposed Redacted PXO Exhibits attached hereto.

The Proposed Redacted Exhibits include email communications and slide decks that identify certain of Atos's third-party customers and vendors by name and, in some cases, discuss and demonstrate the revenues associated with the same. The proposed redactions to the Proposed Redacted Exhibits are strictly limited to customer names to protect this confidential information. Generally, Atos does not propose redacting the substance of the financial information, so long as it remains anonymous from redacting the customer names. Courts in this Circuit consistently hold that sealing or redacting of confidential customer information is appropriate. *City of Providence v. BATS Global Markets, Inc.*, 2022 WL 539438, at *2 (S.D.N.Y. Feb. 23, 2022) (granting motion to seal documents that show "revenues earned by Defendants" and Defendants' customers); *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (granting a motion to maintain under seal exhibits that contained, among other things, "revenue information" and "customer information, including their identities and purchases"); *Hypnotic Hats, Ltd. v. Wintermantel Enter., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (granting motion to seal customer list and redact customer names).  That is because the interest in protecting this sensitive third-party information outweighs the presumption of access for that information where it has no bearing on the Court's adjudication of the pending motions for summary judgment. *City of Providence*, 2022 WL 539438, at *5 (concluding that the "significant interest in protecting 'sensitive financial . . . financial information related to third parties' is sufficient to rebut the weak presumption of access for that information given the limited role that nonparty identifying information will play in the Court's adjudication of the pending motions.") (quoting *City of Almaty, Kazakhstan v. Ablyazov*, 2021 WL 1177737, at *1 (S.D.N.Y. Mar. 29, 2021); *Caxton Intern. Ltd. v. Reserve Intern. Liquidity Fund, Ltd.*, 2009 WL 2365246, at *6-7 (S.D.N.Y.2009)



The Honorable Lewis J. Liman
June 13, 2025
Page Two


(granting motion to seal the identifies of investors because "there is no evidence that the identities . . . directly affect the adjudication" of the dispute) (internal quotation marks omitted).

Accordingly, Atos respectfully requests that the court enter an Order endorsing the discrete redactions in the Proposed Redacted Exhibits.

Respectfully submitted,

**DLA Piper LLP (US)**

*s/ Leon Medzhibovsky*

Leon Medzhibovsky

cc: All Counsel of Record


The Court grants the parties' requests to redact the information identified in Dkt. Nos. 201 and 215.  Plaintiff is respectfully directed to file a version of the Declaration of Jonathan D. Pressment and exhibits thereto reflecting only those redactions.  Dkt. No. 203 may remain under seal.

The Clerk of Court is respectfully directed to close Dkt. Nos. 201, 215.

SO ORDERED.

_____
LEWIS J. LIMAN
United States District Judge

June 16, 2025