**BakerHostetler**

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

June 12, 2025

Jonathan D. Pressment
direct dial: 212.847.2835
jpressment@bakerlaw.com

**VIA ECF**

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *AT&T Enterprises LLC v. Atos IT Solutions and Services, Inc.*, No. 1:23-cv-01395-LJL

Dear Judge Liman:

This firm represents Plaintiff AT&T Enterprises, LLC ("AT&T") in the above-referenced action. We write pursuant to Your Honor's Individual Practices in Civil Cases ("Rules"), Procedure for Sealed or Redacted Filings for Confidential Information of Another Party (Attachment A ¶ 4(b)) in connection with Defendant Atos IT Solutions and Services, Inc.'s ("Atos", together with AT&T, the "Parties") Opposition to AT&T's Motion for Summary Judgment (ECF No. 205), Counterstatement to AT&T's 56.1 Statement (ECF No. 206), Atos' Letter Motion to Seal Atos' Opposition Exhibits (ECF No. 209), and the Declaration of Leon Medzhibovsky in support thereof (ECF No. 210, the "Atos Opposition Declaration") that were filed on June 6, 2025.

The Atos Opposition Declaration and the attached exhibits (ECF No. 210) rely on documents the Parties have designated as Confidential or Highly Confidential ("Confidential Discovery Material") under the terms of the March 5, 2024 Protective Order (the "Protective Order" (ECF No. 50)) entered in this action. AT&T requests that the limited exhibits identified below (the "Proposed AT&T Redacted Exhibits") be filed with discrete redactions as they include sensitive commercial information governed by the Protective Order entered in this case.

Specifically, the Proposed AT&T Redacted Exhibits include confidential pricing information related to AT&T products and services (the "Redacted Pricing Information") that is proprietary to AT&T. The redactions requested with respect to the Redacted Pricing Information include the

The Honorable Lewis J. Liman
June 12, 2025

Page 2

same information as to which the Court granted AT&T's prior Motions to seal on this basis. *See* ECF Nos. 151, 167. For the same reasons as those set forth in AT&T's Amended Letter Motion to Seal (ECF No. 192) submitted in connection with AT&T's Motion for Summary Judgment filed on April 25, 2025 (ECF No. 170), AT&T respectfully requests that this Court approve the limited redactions reflected below in the Proposed AT&T Redacted Exhibits, which are highlighted in orange in the sealed documents. *See also* ECF Nos. 165, 192, 198.

| **Proposed AT&T Redacted Exhibits** |
|---|
| **Attached to the Opposition Declaration of Leon Medzhibovsky (ECF No. 210)** |
| **Redacted Pricing Information:**<br><br>   DX 81 (ECF Nos. 210-23, 212-23)<br><br>   DX 82 (ECF Nos. 210-24, 212-24, 210-25, 212-25)[1] |

Atos also filed DX 72, a document that AT&T produced as confidential, under seal.[2] *See* ECF Nos. 210-14, 212-14. AT&T is not requesting that this Exhibit remain under seal.

Accordingly, AT&T respectfully requests that the Court enter an Order endorsing the discrete redactions in the Proposed AT&T Redacted Exhibits as detailed in the chart above.

Respectfully submitted,

Jonathan D. Pressment

The Court grants the parties' requests to redact the information identified in Dkt. Nos. 209 and 213. Defendants are respectfully directed to file a version of the Declaration of Leon Medzhibovsky and exhibits thereto reflecting only those redactions. Dkt. No. 212 may remain under seal.

The Clerk of Court is respectfully directed to close Dkt. No. 209.

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

June 16, 2025

---

[1] AT&T notes that DX 82 includes Atos' counsel's self-made, demonstrative slides, which were not produced in discovery. While AT&T is moving to seal certain discrete confidential information in DX82, to be clear, AT&T does *not* believe—and the instant request to seal should not be construed as any indication that it believes—DX82 should be given *any* consideration by the Court. AT&T intends to address this issue in its forthcoming reply papers.

[2] All the Exhibits attached to the Opposition Declaration were filed under seal. *See* ECF No. 212. However, AT&T is only addressing those Exhibits that were filed under seal, were produced by AT&T, and were not also filed publicly. *See* ECF Nos. 210-14, 210-23, 210-24, 212-14, 212-23, 212-24.