UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                           :

AT&T ENTERPRISES, LLC,                 :

                           :

          Plaintiff,              :

                           :           23-cv-1395 (LJL)

      -v-                    :

                           :              ORDER

ATOS IT SOLUTIONS AND SERVICES, INC.,   :

                           :

         Defendant.           :

                           :
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/27/2026

LEWIS J. LIMAN, United States District Judge:

Before the Court are various requests for sealing in connection with the pending motions for summary judgment. Dkt. Nos. 169, 177, 191. The motions are granted.

There is a presumption of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019). A judicial document is one "relevant to the performance of the judicial function and useful in the judicial process." *Brown*, 929 F.3d at 49 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). If a document is determined to be a judicial document, then the Court must assess the "weight of the presumption" of public access against any "countervailing interests." *Lugosch*, 435 F.3d at 119. The presumption of public access is "at its zenith" where documents "are used to determine litigants' substantive legal rights." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016). "Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion." *Olson v. Major League Baseball*, 29 F.4th 59, 90 (2d Cir. 2022).

Where the presumption is at its peak, as it is in the summary judgment context, continued sealing "may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. "[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal *absent the most compelling reasons*." *Id.* at 123 (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). Among the "higher values" that courts have found sufficient to overcome the presumption of public access are "protecting the confidentiality of grand jury proceedings, protecting minor victims of sex crimes, protecting a defendant's Sixth Amendment right to a fair trial, protecting significant and substantial privacy interests, such as the physical safety of litigants, witnesses, or third parties, preventing danger to persons or property, and maintaining 'the integrity of significant activities entitled to confidentiality, such as ongoing undercover investigations or detection devices.'" *Courthouse News Serv. v. Corsones*, 131 F.4th 59, 68–69 (2d Cir. 2025) (citation omitted). "Courts have also frequently held that protection of confidential commercial information and trade secrets may overcome the presumption of public access." *Spencer-Smith v. Ehrlich*, 2025 WL 1115019, at *2 (S.D.N.Y. Apr. 15, 2025) (citing cases).

The Court has reviewed the parties' proposed redactions. They each seek to protect confidential commercial information and are narrowly tailored to preserve that higher value. Accordingly, AT&T's redactions as proposed through the motion at Dkt. Nos. 169 and 191, and Atos's redactions at Dkt. No. 199, are approved. Atos's redactions as proposed in the motion at Dkt. No. 177 and AT&T's redactions as proposed in Dkt. No. 197 are approved. The declarations at Dks. Nos. 176 and 178 and attachments thereto are deemed withdrawn in light of the amended declarations filed on April 28, 2025. *See* Dkt. No. 186. To the extent that properly

2

redacted versions of the relevant documents have not already been publicly filed on the docket, they shall be filed within one week of the date of this Order.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 169, 177, and 191.

SO ORDERED.

Dated: March 27, 2026
   New York, New York

          LEWIS J. LIMAN
         United States District Judge

3